UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

QUINCY BERNARD JONES,

    Plaintiff,

v.                                                                  CASE NO. 6:06-cv-654-Orl-31JGG

JACK PARKER,

    Defendant.

_____

## ORDER OF DISMISSAL

Plaintiff, confined in a Florida prison and proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

            (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

            (2)    seeks monetary relief from a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

Dockets.Justia.com

in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that his due process rights have been violated. According to Plaintiff, he submitted a sealed envelope for delivery to the law library. The envelope contained a letter to his attorney, a four page witness list, and a request that the two documents be copied. The following day he received from the law library a copy of his request, his original letter to the attorney, and two copies of the letter. The librarian noted on the bottom of the legal request that the witness list was not received. Plaintiff alleges that witness list must have been intentionally removed by an unidentified jail official; thereby violating Plaintiff's due process rights. He seeks $450,000.00 in compensatory damages.

While it is not clear whether Defendant is sued in his individual or official capacity, this lawsuit cannot be sustained against Defendant in either capacity. None of the allegations in the complaint refer to any personal involvement by Defendant, nor does the complaint state that Defendant had knowledge of the matters. Plaintiff has failed to allege or otherwise indicate any personal action or inaction by Defendant whatsoever within the scope of his responsibilities that would make him personally liable for damages under section 1983. Plaintiff has failed to demonstrate a sufficient basis on which to hold Defendant liable. *See Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985). Any conceivable liability on the part of Defendant would be based on the doctrine of *respondent superior* which has clearly been rejected as a theory of recovery under

§ 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985).

Furthermore, to the extent Defendant is sued in his official capacity, a local government unit is a person answerable in an action under 42 U.S.C. § 1983 only when the plaintiff's alleged constitutional injury is caused by either (1) execution of its custom or policy or (2) a person with final policymaking authority. *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293 (E.D. Wis. 1996). No such allegations have been made by Plaintiff. Thus, this action must be dismissed.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2, filed May 15, 2006) is **DENIED.**

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 22nd day of May, 2006.

                                                                            GREGORY A. PRESNELL
                                                                            UNITED STATES DISTRICT JUDGE

Copies to:
sa 5/22
Quincy Bernard Jones

---

[2] Furthermore, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Parratt v. Taylor*, 451 U.S. 527 (1981). Thus, as long as an inmate has a post-deprivation administrative or state law remedy for conversion of property, no federal due process violation arises. Plaintiff has not alleged that he was without an adequate administrative or state law remedy; therefore, the complaint is subject to dismissal.